# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SCRIVNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 05-3176-CV-S-RED-P |
| MIKE KEMNA, et al., | ) ) ) |
| Defendants. | ) |

### ORDER GRANTING PLAINTIFF PROVISIONAL LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM

Plaintiff, who is incarcerated at the South Central Correctional Center ("SCCC"), in Licking, Missouri, has filed pro se this case pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Plaintiff has moved for leave to proceed without the prepayment of court fees or costs as allowed under 28 U.S.C. § 1915(a) and has submitted an affidavit of poverty in support thereof.

Having reviewed the record, the Court will grant plaintiff provisional leave to proceed in forma pauperis for the purpose of this case only. However, pursuant to the Prison Litigation Reform Act, the court shall dismiss a case at any time, notwithstanding any filing fee or any portion thereof that may have been paid, if the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(A) and (B).

In his complaint, plaintiff names the following SCCC officials as defendants: Superintendent Michael Bowersox; Joseph Hoffmeister; and Michele Buckner. Plaintiff essentially alleges that he was wrongfully

held in the SCCC's "Minimal Standards Baseline" unit from September 9, 2004, the day he was released from disciplinary segregation, until November 29, 2004, when he was placed in the general population. Plaintiff requests declaratory and monetary relief.

## DUE PROCESS CLAIM

In Plaintiff's first and second "Cause of Action," he alleges that defendants violated his due process rights when they failed to return him to the general population after he was released from disciplinary segregation. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that due process liberty interests created by prison regulations will be "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Rather than focus on the language of the prison regulations, the Supreme Court focused on the particular discipline imposed. Generally, only those actions that "work a major disruption in [the] environment" or "inevitably affect the duration of [the] sentence" will invoke the procedural due process protections set forth in Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Sandin, 515 U.S. at 486-87.

In this case, the mere fact that plaintiff was confined in the "Minimal Standards Baseline" unit cannot, in and of itself, be said to have imposed an atypical and significant hardship, giving rise to a constitutional liberty interest. See generally Kennedy v. Blankenship, 100 F.3d 640 (8th Cir. 1996) (thirty days of punitive isolation instead of administrative segregation is not an atypical and significant hardship); Wycoff v. Nichols, 94 F.3d 1187 (8th Cir. 1996) (ten days of disciplinary detention and 100 days in maximum-security cell is not an atypical and significant hardship). Nor has plaintiff shown his stay in the

baseline unit affected the duration of his sentence. Therefore he is not entitled to the full panoply of due process protections. Consequently, plaintiff's due process claim regarding his placement in the baseline unit will be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) & (2), for failure to state a claim.

**EIGHTH AMENDMENT CLAIM**

In plaintiff's third "Cause of Action," he alleges that defendants subjected him to cruel and unusual punishment by keeping him in the baseline unit. The Eighth Amendment test for cruel and unusual punishment consists of a subjective and an objective component; therefore, the Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind,' and if the alleged wrongdoing was 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 308 (1991)).

The objective component of the Eighth Amendment test for cruel and unusual punishment requires plaintiff to show that "the alleged deprivation is 'objectively sufficiently serious,' resulting 'in the denial of the minimal civilized measure of life's necessities . . . .'" William v. Delo, 49 F.3d 42, 445 (8th Cir. 1995), citing Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1976 (1994). To violate the Eighth Amendment, a prisoner must be deprived of a basic human necessity. Finney v. Arkansas Board of Correction, 505 F.2d 194, 208 (8th Cir. 1974), aff'd sub nom. Hutto v. Finney, 437 U.S. 678 (1978).

To meet the subjective component of this test, plaintiff must show that the defendants were deliberately indifferent to the alleged unconstitutional conditions of his confinement. Wilson, 501 U.S. at 303. To establish deliberate indifference, the plaintiff must show that prison officials actually knew of and disregarded "an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S.Ct. at 1979; Williams

Case 6:05-cv-03176-RED   Document 5   Filed 06/07/05   Page 3 of 5

v. Delo, 49 F.3d at 445. "Absent a showing that the prison officials consciously understood that prison conditions created such an excessive risk, the conditions are not a 'punishment' within the meaning of the Eighth Amendment." Williams, 49 F.3d at 445 (citing Farmer, 114 S.Ct. at 1979).

Plaintiff's contention that being placed in the "Minimum Standards Baseline" unit is cruel and unusual punishment does not rise to the level of an "extreme deprivation." See Hudson, 503 U.S. at 9. Therefore, plaintiff's Eighth Amendment claim regarding his confinement in the baseline unit will be severed and dismissed, for failure to state a claim.

## SUMMARY

Because none of plaintiff's grounds for relief state a claim upon which relief may be granted, this case will be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

As previously stated, the Court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the Court has forgone collection of the $250.00 filing fee established for civil cases. Plaintiff is now advised that the Court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).

In addition to the $250.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $255.00] the moment the prisoner . . . files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to Henderson, plaintiff is notified as follows:

> (A) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full . . . appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; © the

prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. At 484

Accordingly, it is **ORDERED** that:

(1) plaintiff is granted provisional leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) for purposes of this case only;

(2) this case is dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

(3) the Clerk of the Court is directed to collect the $250.00 filing fee from plaintiff if he files another pleading of any type whatsoever in this case.

                                            */s/ Richard E. Dorr*
                                            RICHARD E. DORR
                                            UNITED STATES DISTRICT JUDGE

Springfield, Missouri

Dated: 6/7/05